O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAG INSTRUMENT, INC., a California corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>JS PRODUCTS, INC., a Nevada corporation and DOES 1-10,<br><br>    Defendants. | Case No. CV 08-2781-VAP (RZx)<br><br>**[Motion filed on October 20, 2008]**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE, OR ALTERNATIVELY FOR JUDGMENT ON THE PLEADINGS** |

    Plaintiff Mag Instrument, Inc.'s "Motion to Strike, or Alternatively, for Judgment on the Pleadings" came before the Court for hearing on December 15, 2008.  After reviewing and considering all papers filed in support of, and in opposition to, the Motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS the Motion in part and DENIES the Motion in part.

## I. BACKGROUND

Plaintiff Mag Instrument, Inc. ("Plaintiff") filed a Complaint against Defendant JS Products, Inc. ("Defendant") on April 29, 2008 before the Honorable Percy Anderson.  Plaintiff listed the following claims: (1) Patent infringement of U.S. Patent No. 5,267,131 ("'131 Patent"); (2) Patent infringement of U.S. Patent No. D530,438 ("'438 Patent"); (3) Patent infringement of U.S. Patent No. D530,439 ("'439 Patent"); (4) "Federal Trademark Infringment – SSOA of the MINI MAGLITE Flashlight;" (5) "False Designation of Origin – SSOA of the MINI MAGLITE Flashlight;" (6) "Federal Dilution – MINI MAGLITE Flashlight SSOA Trademark;" (7) "California Statutory Unfair Competition;" (8) "California Dilution – MINI MAGLITE Flashlight SSOA Trademark;" (9) "Common Law Trademark Infringment;" (10) "Common Law Unfair Competition;" (11) "Federal Trademark Infringement – SSOA of the MAG-LITE Flashlight;" (12) "Federal False Designation of Origin – SSOA of the MAG-LITE Flashlight;" (13) "Federal Trademark Dilution – MAG-LITE Flashlight SSOA Trademark;" (14) "California Statutory Unfair Competition;" (15) "California Trademark Dilution – MAG-LITE Flashlight SSOA Trademark;" (16) "Common Law Trademark Infringement;" and, (17) "Common Law Unfair Competition."

1   Defendant filed an Answer to the Complaint on August
2 22, 2008, listing fifteen affirmative defenses and eight
3 counterclaims.  Defendant filed an amended Answer on
4 September 17, 2008 with nine affirmative defenses and
5 eight counterclaims.  Defendant filed a second amended
6 Answer ("SAA"), upon leave of Court, on October 9, 2008
7 with the following affirmative defenses: (1) Invalidity
8 of Patents; (2) Inequitable Conduct; (3) Noninfringement
9 of Patents; (4) Trademark Invalidity; (5) No Likelihood
10 of Confusion; (6) Lack of Deception; (7) Failure to
11 Mitigate Damages; (8) Estoppel; and (9) Unclean Hands.
12 Defendant's second amended Answer contained the following
13 counterclaims: (1) "Declaratory Judgment of Invalidity of
14 the '131 Patent;" (2) "Declaratory Judgment of
15 Noninfringement of the '131 Patent;" (3) "Declaratory
16 Judgment of Invalidity of the '438 Patent; (4)
17 "Declaratory Judgment of Noninfringement of the '438
18 Patent;" (5) "Declaratory Judgment of Invalidity of '439
19 Patent;" (6) "Declaratory Judgment of Noninfringement of
20 the '439 Patent;" (7) "Declaratory Judgment of
21 Noninfringement of the '795 Patent;" and (8) "Declaratory
22 Judgment of Noninfringement of the '693 Trademark."
23
24   Plaintiff filed a "Motion to Strike Portions of
25 Defendant JS Products, Inc.'s Amended Answer to Complaint
26 or, in the Alternative, Motion for Judgment on the
27 Pleadings" ("Motion") on October 20, 2008, with the
28

1  Declaration of Charles A. Kertell and several attached
2  exhibits.[1]  Plaintiff noticed the Motion for a hearing on
3  November 10, 2008.  Defendant filed Opposition on October
4  27, 2008 and a Request for Judicial Notice[2] with several
5  attached exhibits.  Plaintiff filed a Reply on November
6  3, 2008.

8  On November 7, 2008, the case was transferred from
9  the Honorable Percy Anderson to this Court.  The hearing
10 set on Plaintiff's Motion was re-set to December 15,
11 2008.

### II. LEGAL STANDARD
**A.  Motion to Strike**

Under Federal Rule of Civil Procedure 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

---

[1] Plaintiff includes discussion in its Motion of the propriety of Rule 11 sanctions for portions of Defendant's Second Amended Answer.  Plaintiff's discussion is not a properly noticed motion.  To the extent Plaintiff requests Rule 11 sanctions, the request is DENIED.

[2] Defendant's Request for Judicial Notice of the International Trade Commission's "Views of the Commission" dated February 1, 1988 is granted.  See Fed. R. Evid. 201.

Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003) (citations omitted). "Given their disfavored status, courts often require 'a showing of prejudice by the moving party' before granting the requested relief." Id. (quoting Sec. & Exch. Comm'n v. Sands, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995)).

In determining whether to grant a motion to strike, a district court views the pleadings in a light most favorable to the non-moving party, and "resolves any doubt as to the ... sufficiency of a defense in defendant's favor." State of Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc. ("Alco Pac."), 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citing In re 2TheMart.com Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000); Wailua Assocs. v. Aetna Cas. and Sur. Co., 183 F.R.D. 550, 553-54 (D. Haw. 1998)). Whether to grant a motion to strike is within the sound discretion of the district court. Id. (citing Fantasy Inc., 984 F.2d at 1528).

**B.   Alternative Motion for Judgment on the Pleadings**

A motion for judgment on the pleadings is a vehicle for summary adjudication, but the standard is like that of a motion to dismiss. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). It is "functionally identical" to a motion to dismiss for failure to state a claim; the only significant difference is that a 12(c) motion is properly brought "after the pleadings are closed and within such time as not to delay the trial." Fed. R. Civ. P. 12(c); Dworkin, 867 F.2d at 1192; see William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 9:319-323.

The Court may grant judgment on the pleadings "when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996); Baker v. Citibank (S.D.) N.A., 13 F. Supp. 2d 1037, 1044 (S.D. Cal. 1998). The court must assume the truthfulness of all material facts alleged and construe all inferences reasonably to be drawn from the facts in favor of the responding party. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church, 887 F.2d 228, 230 (9th Cir. 1989); McGlinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th

Cir. 1988); see NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

### III. DISCUSSION[3]

Plaintiff seeks to strike the following affirmative defenses and counterclaims asserted by Defendant:

- The First Defense, to the extent it states the '438, and '439 Patents are invalid (SAA at 10:14-11:7);

- The Eighth Defense of estoppel (SAA at 13:19-23); and

- The Third and Fifth Counterclaims, to the extent they state the '438 and '439 Patents are invalid (SAA at 18:14-20:1, 20:13-22:1).

Plaintiff seeks to strike, or alternatively, entry of judgment on the pleadings on the following affirmative defenses and counterclaims asserted by Defendant:

---

[3] Although the Plaintiff includes a detailed recitation of Defendant's amendment process to its Answer, the Court limits its review to the operative pleadings: the Complaint and the Second Amended Answer. The Court also does not consider Plaintiff's arguments regarding Defendant's conduct during discovery.

7

- The Second Defense of inequitable conduct (SAA 11:8-12:19.);

- The Ninth Defense of unclean hands (SAA 13:25-14:20); and

- The Third and Fifth Counterclaims, to the extent they state the '438 and '439 Patents are invalid due to inequitable conduct (SAA at 18:14-20:1, 20:13-22:1).

## A.  First Defense

Defendant's First Defense alleges, *inter alia*, that Plaintiff's '438 and '439 Patents are invalid for indefiniteness because they "provide no discernable distinctions or demarcations between the functional and non-functional elements of the design." (SAA at 10:26-27, 11:5-7.) Plaintiff argues the United States Patent and Trademark Office ("PTO") does not "require such a distinction or demarcation" and that Defendant failed to allege that Plaintiff's drawings did not comply with the requirements of 37 C.F.R. § 1.152; for those failures, Plaintiff argues the Court should strike the relevant portions of Defendant's First Defense. (<u>See</u> Mot. at 19-20.)

Rule 8(b) of the Federal Rules of Civil Procedure requires a party to state "in short and plain terms its defenses to each claim asserted against it."  Fed. R. Civ. P. 8(b)(1).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  Wyshak v. City Nat. Bank, 607 F.2d 824, 827 (9th Cir. 1979); see also 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 2004) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense.").  "'[F]air notice' does not require that the party 'plead all the elements of a prima facie case,'" unless the heightened pleading standard of Rule 9 applies.  Smith v. Wal-Mart Stores, 2006 WL 2711468, at *12 (N.D. Cal. Sept. 20, 2006) (quoting Wong v. United States, 373 F.3d 952, 969 (9th Cir. 2004)).  With respect to some defenses, "merely pleading the name of the affirmative defense ... may be sufficient."  Woodfield v. Bowman, 193 F.3d 354, 361 (5th Cir. 1999).

In its Opposition to Plaintiff's Motion, Defendant argues several cases demonstrate the sufficiency of its first defense.  (See Opp'n at 10-12.)  The Court will not address each case *in seriatim* because, as Plaintiff points out in its Reply, the bulk of the cases cited by

Defendant do not apply because they concern claim construction standards and utility patents, not design patents. (See Reply at 8-10.)

Assuming, for the sake of argument, that Plaintiff's '438 and '439 Patents contain both functional and non-functional elements, the Court, in the usual course of issuing a claim construction order, will construe the challenged claims to "identify the non-functional aspects of the design as shown in the patent." Egyptian Goddess, Inc. v. Swisa, Inc., 2008 WL 4290856, at *14 (Fed. Cir. Sept. 22, 2008) (quoting Oddzon Prods., Inc. v. Just Toys, Inc., 122 F.3d 1396, 1405 (Fed. Cir. 1997).

Indefiniteness of a patent is a cognizable affirmative defense, however this is not the defense Defendant is raising. Defendant's first affirmative defense raises and preserves an issue the Court can address in a claim construction order. The defense, as pled by Defendant, gives Plaintiff notice of its factual basis. Accordingly, Plaintiff's Motion to Strike, or for Judgment on the Pleadings, with respect to Defendant's first affirmative defense, is denied.

**B.  Eighth Defense**

Defendant's Eighth Defense alleges that Plaintiff is estopped from asserting the trademark claims in its Complaint "because it has previously claimed that the same elements that form the basis of its trade dress are functional elements that formed the basis of the utility patent for the MAG-LIGHT and MINI MAG-LIGHT, and JS Products has relied on those claims to its detriment." (SAA at 13:20-23.)  Plaintiff argues this defense should be stricken because it fails to plead that Plaintiff "communicated something in a misleading way, either by words, conduct or silence." (Mot. at 22.)  Plaintiff also argues Defendant's Eighth Defense "is based on some unidentified statement(s) about some unidentified "functional" elements made in connection with some unidentified patent application(s)," thereby providing Plaintiff with no notice of the defense. (Reply at 10.)

Defendant's Eighth Defense provides Plaintiff with little more notice than simply naming "estoppel" as a defense, without more.  The affirmative defense of estoppel is plead adequately only where the defendant "allege[d] all the elements." Allen v. A.H. Robbins Co., Inc., 752 F.2d 1365, 1371 n.3 (9th Cir. 1985).  Striking the estoppel defense is appropriate where the defendant has "not provide[d] any factual basis for its ...

11

affirmative defense." Qarbon.com Inc. v. eHelp Corp., 315 F. Supp. 2d 1046, 1050 (N.D. Cal. 2004).

Here, Defendant's estoppel defense is vague and fails to provide adequate notice of its factual basis. For example, Defendant does not identify the earlier case where Plaintiff allegedly claimed the trade dress was a functional element, nor the relevant time period during which it allegedly relied on Plaintiff's prior claim or how it relied to its detriment. In the absence of such facts, Plaintiff has insufficient notice of the nature and extent of this defense. Accordingly, the Court denies Plaintiff's Motion to Strike and grants Plaintiff's Motion for Judgment on the Pleadings, with leave to amend.

**C.   Second Defense**

Plaintiff moves to strike, or in the alternative for judgment on the pleadings, Defendant's second affirmative defense which claims Plaintiff engaged in inequitable conduct in the prosecution of the '438 and '439 Patents. (See Mot.) Defendant argues it has met the heightened pleading requirements of the affirmative defense by alleging Plaintiff failed to disclose its 1983 prototype to the PTO during the prosecution of the '438 and '439 Patent's parent utility patent. (See Opp'n at 5-10.) Plaintiff argues Defendant, to its detriment, did not

plead that Plaintiff failed to disclose a <u>known</u> material reference to the PTO or that the failure was accompanied by an <u>intent</u> to deceive the PTO. (<u>See</u> Mot. at 14 (emphasis added).)

"Inequitable conduct consists of (1) affirmative misrepresentations of material fact, (2) submission of false material information, or (3) the failure to disclose known material information during the prosecution of a patent, coupled with the intent to deceive the PTO. Materiality and intent to deceive are distinct factual inquiries, and each must be shown by clear and convincing evidence." <u>Collaboration Props., Inc. v. Tandberg ASA</u>, 2007 WL 205065, at *3 (N.D. Cal. Jan. 25, 2007) (quoting <u>Life Techs., Inc. v. Clontech Labs., Inc.</u>, 224 F.3d 1320, 1324 (Fed. Cir. 2000).)

The heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to claims of inequitable conduct. <u>See</u> <u>Cent. Admizture Pharmacy Servs., Inc. v. Advanced Cardiac Solutions, P.C.</u>, 482 F.3d 1347, 1356 (Fed. Cir. 2007); <u>Advanced Cardiovascular Sys. v. SciMed Life Sys., Inc.</u>, 989 F. Supp. 1237, 1247 (N.D. Cal. 1997). An affirmative defense of inequitable conduct must set forth the content of the alleged misrepresentation or omission and indicate the materiality of the alleged misrepresentation or omission.

<u>Energy Absorption Sys., Inc. v. Roadway Safety Service, Inc.</u>, 1993 WL 389014, at *2 (N.D. Ill. Sept. 16, 1993). Omitted prior art is material if "there is a substantial likelihood that a reasonable Examiner would have considered the information important in deciding whether to allow the application to issue as a patent." <u>Life Techs., Inc.</u>, 224 F.3d at 1325. "Allegations that the patentee intentionally failed to cite a prior art reference or intended to disregard his or her duties to the PTO is not sufficient." <u>Collaboration Properties, Inc.</u>, 2007 WL 205065, at *3 (N.D. Cal. 2007) (citing <u>Xilinx, Inc. v. Altera Corp.</u>, 1994 WL 782236, at *2 (N.D. Cal. Feb. 8, 1994)).

Here, Defendant fails to allege Plaintiff acted with the intent to deceive when it allegedly failed to disclose the 1983 prototype to the PTO.[4] By Defendant's own admission, Plaintiff did not intentionally deceive the PTO by its alleged failure to disclose the 1983 prototype. As Plaintiff points out, Defendant attempts to overcome this pleading deficiency by conflating materiality with deceptive intent. <u>Collaboration Props., Inc.</u>, 2007 WL 205065, at *3 ("Materiality and intent to

---

[4] Defendant's Answer states "... MAG's failure to disclose the 1983 prototype to the PTO during the prosecution of the parent utility patents ... may have been gross negligence and not sufficiently deceitful to rise to the level of inequitable conduct ...." (SAA at 12:6-7.)

14

deceive are distinct factual inquiries").  In any event, Plaintiff presents evidence that it did, in fact, disclose the 1983 prototype to the PTO in the prosecution of its '438 and '439 Patents.  (See Mot. at 5.)  Accordingly, Plaintiff's Motion to Strike is denied and Plaintiff's Motion for Judgment on the Pleadings is granted, with leave to amend.

**D.   Ninth Defense**

Defendant's Ninth Defense alleges that Plaintiff attached two inaccurate pictures of Defendant's products to its Complaint and, for that reason alone, Plaintiff's claims should be barred under the doctrine of unclean hands.  (See SAA at 13:24-14:20.)  Plaintiff argues this defense should be stricken because the allegations "fail to provide a legally recognized basis for an unclean hands defense" and because the Complaint and documents attached to it are protected by the California litigation privilege.  (See Mot. at 23.)

The doctrine of unclean hands bars a plaintiff from seeking equitable relief "only where some unconscionable act of [the plaintiff] has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation." See Keystone Driller Co. v. General Excavator Co., 290 U.S. 240, 245 (1933). Courts "do not close their doors because of [a] plaintiff's

misconduct, whatever its character, that has no relation to anything involved in the suit, but only for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication." See id. (holding unclean hands doctrine barred patent action for injunctive relief where plaintiff bribed third party to suppress evidence of possible use of invention prior to filing of plaintiff's application for patent on same invention).  "The unclean hands doctrine closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant."  Adler v. Federal Republic of Nigeria, 219 F.3d 869, 877 (9th Cir. 2000) (internal quotation and citation omitted).

    Plaintiff argues that alleged inaccuracies or misrepresentations, whether willful or not, in pleadings submitted to a court are best brought to light in the form of Motions, typically seeking to enforce Rule 11 sanctions.  See Fed. R. Civ. P. 11; see also X-IT Prods., LLC v. Walter Kidde Portable Equip., Inc., 155 F. Supp. 2d 577, 600-601 (E.D. Va. 2001) (granting Motion to Strike unclean hands affirmative defense in as much as it related to alleged litigation misconduct during discovery

1 and denying the Motion as it related to alleged pre-
2 litigation misconduct).

4   Defendant cites two cases in support of its argument
5 that unclean hands is a proper affirmative defense in
6 this case.  In <u>Precision Instrument Mfg. Co. v. Auto
7 Maint. Mach.</u>, 324 U.S. 806, 814-15 (1945), the plaintiff
8 blackmailed the original patent owner after discovering
9 that the patent had been acquired through perjury.  In
10 that case, the Supreme Court found the defendant's
11 affirmative defense of unclean hands was supported by the
12 evidence.  <u>Id.</u>  In <u>Aptix Corp. v. Quickturn Design
13 Systems, Inc.</u>, 269 F.3d 1369, 1374 (Fed. Cir. 2001), the
14 inventor altered key evidence to demonstrate prior art
15 references did not invalidate the patent.  There, the
16 Federal Circuit held the defendant's claim for unclean
17 hands was supported by the evidence.  <u>Id.</u>  In both of the
18 cases, the unclean hands defense was supported by clear
19 evidence of wrongdoing by the plaintiff during the course
20 of litigation.

22   Here, there is not such a clear picture of
23 wrongdoing.  Accordingly, Plaintiff's Motion to Strike is
24 denied and Plaintiff's Motion for Judgment on the
25 Pleadings is granted, without leave to amend.

17

**E.   Third and Fifth Counterclaims**

Defendant's third and fifth counterclaims literally re-state Defendant's first and second affirmative defenses.  Accordingly, the Court need not re-analyze the counterclaims, as the affirmative defenses and the arguments from both parties have been addressed.

To the extent Defendant's third and fifth counterclaims allege the '438 and '439 Patents are invalid for indefiniteness, Plaintiff's Motion to Strike, or for Judgment on the Pleadings is denied.  To the extent the third and fifth counterclaims allege the '438 and '439 Patents are invalid for inequitable conduct, Plaintiff's Motion to Strike is denied and Plaintiff's Motion for Judgment on the Pleadings is granted, with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is DENIED in part and GRANTED in part.

Dated:  December 17, 2008

_____
VIRGINIA A. PHILLIPS
United States District Judge